## Elliott Baker v. Nettie Baker.

69   461
210s  534

1. REMEDIES—*Whether at Law or in Equity—When Too Late to Raise the Question.*—The objection that there was a complete remedy at law, and consequently no jurisdiction in equity, can not be raised for the first time in the Appellate Court.

2. EXEMPTIONS — *Desertion of the Husband—Subsequent Incumbrances.*—By the act of desertion the husband transfers to his family the right to the exemption out of his property which the statute confers upon him while residing with them, and he can not after or as a part of such desertion incumber his property, to the detriment of his family, in favor of one knowing the facts.

**Bill for Divorce.**—Appeal from the Circuit Court of Pike County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

MUMFORD & JOHNSTON, attorneys for appellant.

WILLIAMS & WILLIAMS, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery filed by Nettie Baker against Sherman Baker, her husband, for separate maintenance, making Elliott Baker a co-defendant. It was alleged that said Sherman had deserted the complainant without just cause, and that he had executed to said Elliott Baker, his father, a chattel mortgage upon all the personal property owned by him, consisting of horses, hogs, cattle, farming implements, corn and hay, and upon a horse, buggy and harness and some hogs in which she was a part owner; that the object of said mortgage was to deprive her of the means of supporting herself and their children, and prayed for an injunction to restrain said Elliott from selling the property. Such an injunction was awarded, and afterward the bill was amended, praying for a divorce on the ground of adultery, drunkenness and other misconduct, reiterating the charge of desertion and insisting that by virtue of the statute of exemptions in such case made and provided, she became en-

titled to the said chattel property of said Sherman, and that the mortgage to said Elliott was void for that reason, it being averred that he well knew when he took it that said Sherman had so abandoned the complainant, and that he assisted him with money and otherwise in so doing. She also averred that she was entitled in her own right, as owner, to an undivided part of the said property, as alleged in the original bill, prayed for an accounting in respect thereto and for an award of so much of the property as might be deemed right and proper for the maintenance of herself and of their children. The injunction was so modified as to permit the said Elliott Baker to sell the property and bring the proceeds into court, subject to such order as the court might finally make in respect thereto. Sherman Baker failed to answer. Elliott demurred to the bill and his demurrer being overruled, answered. On a final hearing, a decree was rendered for divorce, giving complainant the custody of the children and requiring Elliott Baker to pay her $300 on account of the property so disposed of by him in which she claimed the rights and interest as alleged in the amended bill. From this decree against him said Elliott has prosecuted this appeal.

It is now urged on behalf of appellant that, so far as the property is concerned, there was an adequate and complete remedy at law.

It does not appear from the abstract that such objection was presented in the Circuit Court. The bill averred joint ownership as to a part of the property by complainant and her husband, and that by reason of the abandonment, she was entitled to claim out of his property the amount allowed him by law for his exemptions for the family support; that the said Elliott knew when he took the mortgage that her husband had deserted her, and that he fraudulently assisted him therein. We do not feel called upon to determine whether the bill presented a case where a court of equity has exclusive jurisdiction, so far as the property was concerned. The case against the husband and that against his father were so closely connected that it was a most con-

Baker v. Baker.

venient and appropriate method to bring in the latter with
reference to the alleged unlawful appropriation of the
property of the former, out of which she was entitled to an
allowance for separate support, or alimony, and for the pro-
tection of her special interest, on account of her joint own-
ership, as well as in respect to the exemption.

Were the question necessarily to be determined, we should
hesitate to hold that there was a complete and adequate
remedy at law, and that therefore, under the circumstances,
equity had no jurisdiction.

Recurring to the merits of the case as disclosed by the
evidence, we find much to support the claim of complainant
to a joint interest in the property described in the bill.

Aside from this, however, is the question of the construc-
tion of Sec. 15, Ch. 52, R. S., relating to Exemptions, which
provides: "When the head of a family shall die, desert or
not reside with the same, the family shall be entitled to and
receive all the benefits and privileges which are, by this act,
conferred upon the head of a family residing with the
same."

By the act of desertion the husband transfers to his family
the right to the exemption out of his property which the
statute confers upon him while residing with them. To
make this provision effective it is necessary to hold that he
can not after, or as a part of such desertion, incumber his
property in favor of one knowing the facts, to the detriment
of his family. We are disposed to accept the suggestion of
counsel for appellee that, waiving all other questions, the
chattel mortgage to Elliott Baker was subject to this right
of exemption in behalf of the deserted family of Sherman
Baker. This family consisted of the wife and three small
children, one of them born since the desertion. The cus-
tody of the children was, by the decree of divorce, given to
the wife, and the burden of their support devolves upon her,
he being insolvent as well as recreant to his obligations in
that respect. By way of alimony she was entitled to an
allowance out of her husband's property, and as she stood
for and represented the family in its deserted condition, it

was but right to award to her the amount of exemption provided by the statute. It is immaterial upon what ground the relief granted by the decree may be predicated. She has been allowed no more than, by the proof, she ought to have, if, indeed, as much. The decree will be affirmed.